IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARCIA JORDAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:24-cv-00208 |
| OFFICE OF GENERAL COUNSEL, United States Department of Homeland Security, | ) | JUDGE RICHARDSON |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marcia Jordan has filed a pro se Complaint (Doc. No. 1) claiming employment discrimination, sexual harassment, and retaliatory discharge from her job with the Transportation Security Administration (TSA), a federal agency within the U.S. Department of Homeland Security (DHS). Plaintiff sues under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. (*Id.* at 1.) She has attached to the Complaint copies of letters she received during administrative proceedings before the Equal Employment Opportunity (EEO) office within the TSA. (Doc. No. 1-1 at 1–7.)

Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### IFP APPLICATION

Plaintiff's IFP application lists monthly expenses that exceed her monthly income, which is limited to unemployment benefits she was awarded after multiple job losses.[1] (Doc. No. 2 at 1–

---

[1] Plaintiff reported that she did not receive income in the form of retirement benefits, but also commented that "retirement from state don't count." (Doc. No. 2 at 2.) The Court resolves this apparent inconsistency

2, 5.) It therefore sufficiently demonstrates that she cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Federal executive agencies like the TSA and DHS are subject to suit in district court for discriminatory or retaliatory employment practices under Title VII. *See* 42 U.S.C. §§ 2000e-5(f),

---

in the pro se Plaintiff's favor and credits her report that she is not currently receiving retirement benefits. This resolution is consistent with her report of receiving $275 per week in unemployment benefits—an award which would be subject to offset by any retirement benefit. *See* Tenn. Code Ann. § 50-7-303(a)(8).

2000e-16 (prohibiting discriminatory practices in federal employment and authorizing enforcement via civil suit); 29 C.F.R. § 1614.101 *et seq.*; *Jackson v. Transportation Sec. Admin.*, No. 20-3097, 2021 WL 3575046 (6th Cir. Apr. 19, 2021). The Complaint in this case alleges that Plaintiff "was the only black female, over 40, in [her] training class," had a master's degree, and yet was "denied promotion," harassed and subjected to "unwanted hugs" by a supervisor, and ultimately terminated from TSA employment. (Doc. No. 1 at 2–4.) Attached to the Complaint are notices from September 2023 reflecting agency review of these and other reports of employment discrimination, which were accepted by the EEO Complaints Section for investigation. (Doc. No. 1-1 at 1–5.) The Complaint does not indicate when this agency review concluded, when/whether Plaintiff received a notice of suit rights, or what relief she seeks from Defendant. Nevertheless, at this early stage, the case is sufficiently pled to survive initial review.

FURTHER PROCEEDINGS

As explained above, the Complaint states a nonfrivolous claim that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for the named Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The above determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons

set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is cautioned that she must keep the Court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE